UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL L. WILLIAMS                          CIVIL ACTION

VERSUS                                      NUMBER: 10-3911

MARLIN GUSMAN, ET AL.                       SECTION: "S"(5)


**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Samuel L. Williams, has initiated the above-captioned matter in forma pauperis against defendants, Criminal Sheriff Marlin N. Gusman, District Attorney Leon A. Cannizzaro, Jr., Judge Laurie A. White, and Assistant District Attorney Joe Meyer.

Plaintiff is an inmate of the Orleans Parish Prison who indicates that he was arrested for some unspecified crime on May 10, 2000, had a trial on October 17, 2008 that resulted in a hung jury, and has thus yet to be convicted.  In his complaint, plaintiff complains of a number of improprieties which have allegedly taken place in the context of his criminal proceedings, as follows: 1) after being lost and presumably destroyed by

Katrina's floodwaters, DNA evidence resurfaced and was admitted into evidence by Judge White with no chain of custody certificate; 2) District Attorney Cannizzaro abused his discretion by appointing plaintiff's previous defense attorney, Joe Meyer, to the position of Chief of Trials within the District Attorney's Office; 3) a conflict of interests exist in that District Attorney Cannizzaro, in connection with his previous position as a judge of the Louisiana Fourth Circuit Court of Appeal, sat on the panel which had denied one of plaintiff's writ applications to that tribunal; and, 4) a further conflict of interests based upon Joe Meyer's failure to recuse himself.[1] In his prayer for relief, plaintiff requests "federal oversight and intervention", a change of venue, a speedy trial that he is now being denied, and the "intervention of the United States District Court in the corrupt practices of the Criminal District Court and Parish Prison of Orleans Parish." (Complt. at p. 5).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement.  When a state prisoner attacks the

---

[1] In his statement of claim herein, the only mention that plaintiff makes about Sheriff Gusman is that he is plaintiff's custodian. (Complt. at p. 5).

2

very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion.  Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's allegations regarding the admissibility of the DNA evidence in his criminal proceeding, the conflicts purportedly possessed by the District Attorney and his Chief of Trials, and the denial of plaintiff's speedy trial rights clearly challenge the fact and duration of his confinement, proper habeas corpus issues

which cannot be addressed until Williams has exhausted available state court remedies.  McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986).  As plaintiff makes no showing of having presented the allegations in his complaint to the Louisiana Supreme Court for its consideration, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint.  Although plaintiff has named Sheriff Gusman as a defendant presumably because he is the supervisory official of the correctional facility where plaintiff is housed, Williams sets forth no facts regarding any personal involvement on the Sheriff's part, an essential element of a civil rights cause of action. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983)(citing Rizzo v. Goode, 423 U.S. 362, 371-72, 96 S.Ct. 598, 604-05 (1976)).  The named defendant District Attorney and his Chief of Trials are entitled to absolute prosecutorial immunity for the acts complained of sub judice.  Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993).

4

As for Judge White, any §1983 claim against her in her individual capacity falters due to the absolute judicial immunity that she enjoys. <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.Ct. 1099 (1978); <u>Graves</u>, 1 F.3d at 317-18. Furthermore, any such claim brought against the Judge in her official capacity fails for two reasons. First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. <u>Washington v. Louisiana</u>, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009). Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. <u>Voisin's Oyster House, Inc. v. Guidry</u>, 799 F.2d 183, 188 (5th Cir. 1986); <u>Doris v. Van Davis</u>, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009). Finally, because federal courts, as courts of original jurisdiction, possess no supervisory powers over state courts, the Court is unable to exercise oversight over or to intervene in the criminal proceedings against Williams that are pending before the state courts, including ordering a change of venue or a speedy trial. <u>See</u> <u>Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 906, 115 S.Ct. 271 (1994); <u>Hale v. Harney</u>, 786 F.2d 688, 690-91 (5th Cir. 1986); <u>Hagerty v. Succession of Clement</u>, 749 F.2d 217, 220 (5th Cir. 1984), <u>cert</u>. <u>denied</u>, 474 U.S. 968, 106 S.Ct. 333 (1985); <u>State ex rel. Santee v. Quinlan</u>,

1997 WL 43620 at *1 (E.D. La. Jan. 31, 1997).  For these reasons, plaintiff's §1983 claims should be dismissed pursuant to 28 U.S.C. §§1915(e)(1)(B) and 1915A(b) and 42 U.S.C. §1997e(c)(1).

## **<u>RECOMMENDATION</u>**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b) and 42 U.S.C. §1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>28th</u> day of <u>October</u>, 2010.

<u>Alma L. Chasez</u>
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE